IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| HUFFY CORPORATION ) <br> 6551 Centerville Business Parkway ) <br> Centerville, Ohio 45459 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAFEPRESS.COM, INC. ) <br> 6901A Riverport Drive ) <br> Louisville, Kentucky 40258 ) <br> ) <br> Defendant. ) | Case No. 3:10-cv-47-H <br><br> Judge: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Huffy Corporation, for its Complaint against Defendant Cafepress.com, Inc. states and alleges the following:

**NATURE OF THE ACTION**

1.  This is an action for trademark infringement, false designation of origin, unfair competition and passing off, deceptive trade practices, and dilution in violation of the laws of the United States and the Commonwealth of Kentucky and the State of Ohio.

**THE PARTIES**

2.  Plaintiff, Huffy Corporation, is an Ohio Corporation having its principal place of business at 6551 Centerville Business Parkway, Centerville, Ohio 45459 (hereinafter "Huffy").

3. Upon information and belief, Defendant, Cafepress.com, Inc., is a Delaware Corporation, having places of business at 6901A Riverport Drive, Louisville, Kentucky 40258 and 1850 Gateway Drive, Suite 300, San Mateo, California 94404, (hereinafter "Cafepress.com").

## JURISDICTION AND VENUE

4. This action arises under the trademark laws of the United States, the Lanham Act, 15 U.S.C. § 1051 *et seq.* It also arises under state statutory and common law.

5. Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a). Jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6. Venue in this Court is based upon 28 U.S.C. § 1391(b).

## BACKGROUND FACTS

7. Huffy is the owner of the "HUFFY" trademark used in connection with bicycles and parts and accessories for bicycles. The HUFFY mark is a well-known trademark in the Commonwealth of Kentucky, the State of Ohio, the United States, and around the world. Since at least 1951, Huffy has offered for sale and sold bicycles of high quality under the trademark "HUFFY."

8. Among other registrations, Huffy is the owner of United States Trademark Registration 540,150, filed March 25, 1950, and registered March 27, 1951, for the trademark "HUFFY." A copy of this registration is attached as Exhibit A. This mark is valid and subsisting.

9. Huffy is also the owner of United States Trademark Registration No. 1,563,004, filed March 9, 1988, and registered October 31, 1989, for the trademark "HUFFY." A copy of this registration is attached as Exhibit B. This mark is valid and subsisting.

10. Huffy is also the owner of United States Trademark Registration No. 2,352,005, filed August 10, 1999, registered May 23, 2000, for the trademark "HUFFY." A copy of this registration is attached as Exhibit C. This mark is valid and subsisting.

11. Huffy is the owner of over one hundred trademark registrations worldwide that use the word "HUFFY" alone or as an element of multi-word marks incorporating "HUFFY." Said trademark is a distinctive mark and has become associated in the public mind with Huffy and is symbolic of extensive goodwill and consumer recognition built up by Huffy.

12. Huffy has expended large sums of money over a long period of time in the advertising its products under the HUFFY mark throughout the United States, including in the Commonwealth of Kentucky and the State of Ohio.

13. As a result of this long and widespread provision of products under the HUFFY mark, and extensive promotion and advertising engaged in by Huffy, Huffy has become well known to the trade and the general public, and Huffy has established extensive goodwill, public recognition, and secondary meaning for the HUFFY mark as an identifier of Huffy in the United States. As a result of these activities, the HUFFY mark is distinctive and is an identifier of Huffy. As a result of these activities, the HUFFY mark is famous.

14. Cafepress.com is manufacturing and selling a line of products, such as t-shirts, hats, stickers, and buttons, using the mark HUFFY, as demonstrated through its website www.cafepress.com/huffy.

15. Cafepress.com manufactures, sells, and offers to sell these products using the HUFFY mark throughout the United States. Cafepress.com manufactures, sells, and offers to sell these products using the HUFFY mark in the Commonwealth of Kentucky, including within this Court's jurisdiction. Cafepress.com is engaging in this activity intentionally, thereby intentionally taking advantage of the benefits of doing business in this jurisdiction.

16. Cafepress.com has no connection or association with Huffy and is not authorized by Huffy to use the HUFFY mark.

17. Huffy sells and offers to sell products in the same areas and to the same potential customers under its HUFFY mark as products sold and offered for sale by Cafepress.com under the HUFFY mark.

18. Prior to filing this lawsuit, Huffy sent a letter to Cafepress.com notifying it of its infringement of Huffy's trademark rights and demanding that Cafepress.com immediately cease and desist in its infringing activity. Upon information and belief, Cafepress.com received Huffy's letter, but failed to respond.

19. On information and belief, Cafepress.com was aware that Huffy was the owner of the trademark HUFFY before it selected HUFFY as a mark under which it sells products, including products such as t-shirts, hats, stickers, and buttons. On information and belief, Cafepress.com was aware that Huffy had sold products, including bicycles, under the trademark HUFFY before it selected HUFFY as a mark under which it sells products, including products such as t-shirts, hats, stickers, and buttons.

## Count I - Federal Trademark Infringement

20. This is a cause of action for federal trademark infringement under 15 U.S.C. § 1114.

21. The allegations of paragraphs 1-20 are incorporated by reference as though fully set forth herein.

22. The HUFFY designation used by Cafepress.com in connection with t-shirts, hats, stickers, and buttons is a reproduction, counterfeit, copy, and/or colorable imitation of Huffy's federally registered HUFFY mark. Such use is likely to cause confusion, mistake, and/or deception and will cause serious and irreparable damage to the reputation and goodwill of Huffy in violation of 15 U.S.C. § 1114, for which Huffy is without an adequate remedy at law, and has caused Huffy to suffer monetary damage in an amount thus far not determined.

## Count II - False Designation of Origin

23. This is a cause of action for false designation of origin under 15 U.S.C. § 1125(a).

24. The allegations of paragraphs 1-23 are incorporated by reference as though fully set forth herein.

25. The HUFFY designation used by Cafepress.com in connection with t-shirts, hats, stickers, and buttons tends falsely to represent or designate that the goods of Cafepress.com are licensed, sponsored by, and/or otherwise affiliated with Huffy, when in fact Cafepress.com has no connection with or authorization from Huffy. This constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a), which is likely to damage Huffy, for

which Huffy is without an adequate remedy at law, and has caused Huffy to suffer monetary damage in an amount thus far not determined.

### COUNT III - Unfair Competition under the Lanham Act

26. This is a cause of action for unfair competition under 15 U.S.C. § 1125(a).

27. The allegations of paragraphs 1-26 are incorporated by reference as if fully set forth herein.

28. The HUFFY designation used by Cafepress.com in connection with t-shirts, hats, stickers, and buttons constitutes unfair competition in violation of 15 U.S.C. § 1125(a). This unfair competition is likely to damage Huffy, for which Huffy is without an adequate remedy at law, and has caused Huffy to suffer monetary damage in an amount thus far not determined.

29. Upon information and belief, the aforesaid acts were undertaken willfully with the intention of causing confusion, mistake and/or deception.

### COUNT IV - Violations of the Laws of the Commonwealth of Kentucky

30. This is a cause of action under the laws of the Commonwealth of Kentucky.

31. The allegations of paragraphs 1-30 are incorporated by reference as if fully set forth herein.

32. The HUFFY designation used by Cafepress.com in connection with t-shirts, hats, stickers, and buttons constitutes violations of the laws of the Commonwealth of Kentucky, which violations have damaged and are likely to further damage Huffy, for which

Huffy is without an adequate remedy at law.

33. Cafepress.com has violated Kentucky Revised Statute § 367.170, et seq., entitled "Unlawful acts," which provides in pertinent part that "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Such violations have damaged and are likely to further damage Huffy.

34. Cafepress.com's activities fall squarely within the acts prohibited by at least K.R.S. § 367.170(1).

35. Cafepress.com has also violated the common law of the Commonwealth of Kentucky, which prohibits, among other things, unfair competition. Such violations have damaged and are likely to further damage Huffy.

**Count V – Violation of the Ohio Deceptive Trade Practices Act**

36. This is a cause of action for violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.01 *et seq*.

37. The allegations of paragraphs 1-36 are incorporated by reference as though fully set forth herein.

38. Cafepress.com, by its conduct, has intentionally, willfully, and in bad faith appropriated Huffy's HUFFY mark. The actions of Cafepress.com were intended to pass off Cafepress.com's goods as those of Huffy, to cause likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Cafepress.com's goods, and to cause likelihood of confusion or misunderstanding in the relevant trade as to the affiliation, connection, or association of Cafepress.com with Huffy, all in violation of O.R.C. § 4165.01 *et seq*.

39. Upon information and belief, Cafepress.com has willfully engaged in the conduct complained of herein knowing the same to be deceptive.

40. The acts of Cafepress.com complained of herein have caused irreparable harm and damage to Huffy for which there is no adequate remedy at law and have caused Huffy to suffer monetary damage in an amount thus far not determined.

## Count VI - Unfair Competition and Passing Off

41. This is a cause of action for unfair competition and passing off under the common law of the State of Ohio.

42. The allegations of paragraphs 1-41 are incorporated by reference as though fully set forth herein.

43. On information and belief, Cafepress.com is selling and offering to sell products under the HUFFY designation with full knowledge of Huffy's prior use of its HUFFY mark in the same geographic area. In so doing, Cafepress.com has passed off its goods as those of Huffy by creating the impression among the public that the goods offered by Cafepress.com are licensed or sponsored by Huffy, when in fact they are not. Cafepress.com has misappropriated Huffy's valuable goodwill and public recognition of the HUFFY mark which have been developed over a period of many years by Huffy in the State of Ohio and nationally, and Cafepress.com has unlawfully benefited and been unjustly enriched by such activities. The use by Cafepress.com of the HUFFY designation constitutes unfair competition under the common law of Ohio. This use has injured the business reputation of Huffy, has damaged Huffy in an amount not yet determined, and will cause irreparable harm, damage, and injury to Huffy unless restrained and enjoined by this Court.

### Count VII - Dilution

44. This is a cause of action for dilution.

45. The allegations of paragraphs 1-44 are incorporated by reference as though fully set forth herein.

46. On information and belief, Cafepress.com is selling and offering to sell products under the HUFFY designation with full knowledge of Huffy's prior use of its HUFFY mark in the same geographic area. Cafepress.com's use of the HUFFY mark has been and continues to be in commerce. Cafepress.com's use of the HUFFY mark has been and continues to be after the HUFFY mark became famous. This use has injured the business reputation of Huffy, has damaged Huffy in an amount not yet determined, and will cause irreparable harm, damage, and injury to Huffy unless restrained and enjoined by this Court. This use has also caused dilution and is likely to cause dilution of the distinctive quality of Huffy's mark.

WHEREFORE, Huffy prays:

A. That this Court enter a decree holding that Cafepress.com has infringed Huffy's registered mark under federal trademark law; that Cafepress.com has falsely designated the origin of its goods under federal trademark laws; that Cafepress.com has competed unfairly; that Cafepress.com has violated the laws of the Commonwealth of Kentucky and the State of Ohio, including the Ohio Deceptive Trade Practices Act; and that Cafepress.com has wrongfully diluted the HUFFY mark.

B. That Cafepress.com, its agents, employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from them, be preliminarily and permanently enjoined and restrained

from any use of the designation HUFFY and any other colorable imitation of Huffy's HUFFY mark, and any other acts which will damage the value of Huffy's HUFFY mark.

        C.      That Cafepress.com, its agents, employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from them, be preliminarily and permanently enjoined from representing or passing off by words or implications that they and/or any company with which they are involved is affiliated or associated with, are sponsored or authorized by Huffy, and that they be enjoined from infringing Huffy's HUFFY mark.

        D.      That Cafepress.com deliver up for destruction all goods, and advertising and promotional materials, containing the HUFFY designation, and discontinue use of such designation.

        E.      That Cafepress.com be ordered to file with this Court and serve on Huffy within thirty days after entry of final judgment of this cause a report in writing under oath setting forth in detail the manner and form in which Cafepress.com has complied with the final judgment.

        F.      That Huffy be awarded all profits realized by Cafepress.com and all damages sustained by Huffy by reason of Cafepress.com's trademark infringement, false designation of origin, unfair competition, violations of the laws of the Commonwealth of Kentucky and the State of Ohio, including the Ohio Deceptive Trade Practices Act, and from Cafepress.com's wrongful dilution of the HUFFY mark, and that any such award be trebled in view of Cafepress.com's willful conduct.

        G.      That this be declared an exceptional, willful, and flagrant case and that Huffy be awarded the cost of this action and reasonable attorney fees.

       H.      For such other and further relief as the nature of the case may require and as may be deemed just and equitable.

## JURY DEMAND

Plaintiff Huffy Corporation hereby demands and requests trial by jury of all issues that are triable by jury.

Respectfully submitted,

Dated: January 20, 2010

s/ Brett A. Schatz
Brett A. Schatz
bschatz@whepatent.com
Trial Attorneys
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio 45202
Telephone:    (513) 241-2324
Facsimile:    (513) 241-6234

Counsel for Plaintiff
Huffy Corporation

Of Counsel:

Thomas W. Flynn
tflynn@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio 45202
Telephone:    (513) 241-2324
Facsimile:    (513) 241-6234